# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| PRAIRIE RIVER HOME CARE, INC., | Civil No. 17-5121 (JRT/HB) |
| Plaintiff, | |
| v. | |
| PROCURA, LLC, a/k/a COMPLIA HEALTH, | |
| Defendant. | **MEMORANDUM OPINION AND ORDER DENYING LEAVE TO AMEND AND GRANTING SUE SPONTE SUMMARY JUDGMENT** |
| PROCURA, LLC, a/k/a COMPLIA HEALTH, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| SALO SOLUTIONS, INC., | |
| Third-Party Defendant. | |

Pamela Abbate-Dattilo, **FREDRIKSON & BYRON, PA,** 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for Plaintiff.

Hillard M. Sterling, **CLAUSEN MILLER PC,** 10 South LaSalle Street, Suite 1600, Chicago, IL 60603, for Defendant and Third-Party Plaintiff.

Jeffrey M. Thompson and Kathleen Li Reitz, **MEAGHER & GEER, PLLP,** 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for Third-Party Defendant.

Third-Party Plaintiff and Defendant Procura, LLC, a/k/a Complia Health ("Procura") objects to the Magistrate Judge's Order denying it leave to amend its Complaint and also moves for summary judgment on Third-Party Defendant Salo Solutions, Inc.'s ("Salo") counterclaims for breach-of-contract (Count I) and declaratory judgment (Count II).

Because the Court finds that Procura failed to act with diligence to meet the Court's scheduling order under Fed. R. Civ. P. 16(b), the Court will overrule Procura's Objections to the Magistrate Judge's Order and will deny Procura leave to amend. Furthermore, because no genuine dispute of fact remains and the contractual language is clear that Procura had a duty to indemnify and hold harmless Salo but failed to do so, the Court will deny Procura's Motion for Summary Judgment and grant summary judgment sua sponte in favor of Salo.

## BACKGROUND[1]

In September 2014, Salo and Procura entered into a contract (the "Provider Agreement") that established Salo as a preferred but nonexclusive provider of services related to Procura's software. (3d Party Compl. ("TPC") ¶ 8, Ex. A (the "Provider Agreement") § 1, Sept. 17, 2018, Docket No. 69.) The Provider Agreement contemplated

---

[1] The present dispute arises out of a complex factual and procedural history of an underlying case between Procura and Plaintiff Prairie River Home Care, Inc. that the parties are familiar with. The Court will only discuss facts relevant and necessary to resolve the present dispute. For a more complete discussion of the facts of this case, see *Prairie River Home Care, Inc. v. Procura*, LLC, No. 17-5121 (JRT/HB), 2019 WL 3021253 (D. Minn. July 10, 2019).

that Salo and Procura would benefit from mutual customer referrals. (*See* Provider Agreement §§ 4–5.) The Provider Agreement contained alternate indemnifications clauses, requiring the nonreferring party to indemnify and hold harmless the referring party in certain situations. *See Prairie River Home Care, Inc. v. Procura, LLC* ("*Prairie River I*"), No. 17-5121 (JRT/HB), 2019 WL 3021253, at *12 (D. Minn. July 10, 2019) (construing the Provider Agreement's indemnification clause). The indemnification clause pertaining to Procura's obligations states:

> Procura agrees to protect, defend, indemnify and hold [Salo] harmless from any and all claims, actions, suits, proceedings, costs, losses, expenses, damages or liability whatsoever, whether direct or indirect (including without limitation . . . court costs . . . [and] reasonable legal fees and expenses of investigation) . . . which [Salo] . . . may incur . . . as a result of, caused by or arising out of or in connection with, or contributed to, in whole or in part, directly or indirectly by: **(**i) Procura's failure to comply with the terms of this Agreement and/or violation of any federal, state or local law . . .; (ii) any illegal activities alleged to have been committed by, or involving Procura . . .; and/or (iii) the performance of any services separately provided by Procura, its agents, or employees, or conditions created thereby, or any act or omission on the part of Procura, its agents, or employees in the conduct of such services.

(Provider Agreement § 9 at ¶ 2.) The contract is governed by Ohio law. *Prairie River I*, 2019 WL 3021253, at *3 (citing Provider Agreement § 12). It is undisputed that Salo referred Prairie River Home Care, Inc. ("Prairie River"), Plaintiff in the underlying action, to Procura for software and support services. *Id.* at *12; (TPC ¶ 18.)

In October 2017, Procura was served with a copy of the Complaint in the underlying action. (Notice of Removal ¶ 2, Nov. 15, 2017, Docket No. 1.) The Complaint alleged, *inter alia*, that Procura breached a separate contract for software and services between Procura and Prairie River. (*Id.* ¶ 13, Ex. A at 22–23, Nov. 15, 2017, Docket No. 1-1.)

In September 2018, nearly one year later, Procura filed a Third-Party Complaint against Salo seeking, *inter alia*, indemnity from Salo under the Provider Agreement. (*See* TPC ¶ 38–41.) Procura waited another month, until October 2018, to serve its Third-Party Complaint on Salo. (Aff. of Service, Oct. 25, 2018, Docket No. 104.)

In November 2018, Salo filed a Motion to Dismiss Procura's Third-Party Complaint. (Mot. to Dismiss, Nov. 20, 2018, Docket No. 157.) Salo counterclaimed, alleging Procura owed Salo indemnity under the Provider Agreement because Salo was the referring party. (Answer & Counterclaim at 17–18, Nov. 20, 2018, Docket No. 162.) In addition, Salo wrote to Procura and demanded indemnification under the Provider Agreement. (Decl. of Kenneth A. Gamble ¶ 2, Ex. 1, Sept. 25, 2019, Docket No. 506.)

The Magistrate Judge, at the request of the parties, altered the scheduling order numerous times, setting the final deadline to amend the pleadings for February 15, 2019. (Order on Fourth Stipulation to Amend Scheduling Order, Feb. 1, 2019, Docket No. 203.)

On July 10, 2019, pursuant to a motion by Salo, the Court dismissed, without prejudice, Procura's Third-Party Complaint, concluding that because Salo referred Prairie

River to Procura, Salo's obligations under the Provider Agreement had not attached. *Prairie River I*, 2019 WL 3021253, at *13.

On August 16, 2019, more than six months after the deadline to amend the pleadings had expired, Procura filed a Motion to Amend its Third-Party Complaint. (Mot. to Am. TPC, Aug. 16, 2019 Docket No. 469.)

On September 23, 2019, the Magistrate Judge denied Procura's Motion to Amend, noting that Procura failed to show good cause or extraordinary circumstances to allow leave to amend. (Minute Entry, Sept. 23, 2019, Docket No. 502; Decl. of Klay C. Ahrens ¶ 2, Ex. A ("Hearing Transcript") at 11 (41:3–9), Oct 7, 2019, Docket No. 595.)

In late 2019, Prairie River and Procura agreed to settle the underlying dispute and the Court issued an Order approving a stipulation of dismissal of the dispute between Prairie River and Procura. (Order, Feb. 20, 2020, Docket No. 622.) Thus, only Salo's counterclaims remained.

Procura filed Objections to Magistrate Judge Bowbeer's Order denying it leave to amend. (Objs. to Order Denying Mot. to Am. Pleadings, Oct. 7, 2019, Docket No. 594.) Previously, Procura had also separately filed a Motion for Summary Judgment on Salo's counterclaims.[2] (Mot. Summ. J., May 31, 2019, Docket No. 386.) The Court will consider each in turn below.

---

[2] Prior to the Court's July 10, 2019 Order dismissing Procura's Complaint without Prejudice, Salo filed a Motion for Summary Judgment against Procura's Third-Party Complaint and sought to exclude Procura's proffered expert from testifying at trial. (Mot. to Exclude Expert Testimony,

## DISCUSSION

### I. PROCURA'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING LEAVE TO AMEND

#### A. Standard of Review

Usually, the standard of review applied to an objection to a magistrate judge's order "on nondispositive pretrial matters, such as leave to amend a complaint, is extremely deferential." *Magee v. Tr. of Hamline Univ.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013). The Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). The Court however may review a magistrate judge's decision de novo even if it is not required to do so. *Selective Ins. Co. v. Sela*, 353 F. Supp. 3d 847, 853 n.1 (D. Minn. 2018).

Procura argues that the Court should review the Magistrate Judge's decision de novo because the Magistrate Judge applied the incorrect standard and otherwise did not make clear whether she was denying Procura's motion under Federal Rule of Civil Procedure 15 or 16.

---

May 22, 2019, Docket No. 361.) Because the Court will deny Procura leave to amend and will grant summary judgment sua sponte to Salo, the Court will deny as moot Salo's motion.

In addition, on August 5, 2019, Magistrate Judge Bowbeer ordered monetary sanctions and recommended evidentiary sanctions against Procura for certain discovery abuses. (Am. R&R at 78–79, Aug. 5, 2019, Docket No. 454.) Procura did not object to the ordered imposition of monetary sanctions but did object to the recommended imposition of the evidentiary sanctions. (*Id.*) Because of this Order, the R&R and Procura's Objections to the R&R are moot.

Although it appears that the Magistrate Judge applied the correct "good-cause" standard under Rule 16, it is not clear whether the Magistrate Judge relied on Rule 15 or 16 in denying Procura's motion for leave to amend. When a party seeks leave to amend after the court-set deadline to amend the pleadings has expired, Rule 16(b) must be applied. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Out of an abundance of caution, the Court will review the Magistrate Judge's order de novo.

B. **Fed. R. Civ. P. 16**

When a party seeks leave to amend a pleading outside the time period established by a scheduling order, "Rule 16(b)'s good-cause standard" applies. *Id.* at 716. Good-cause under Rule 16(b) is determined by whether the party seeking leave to amend was diligent in meeting the Court's deadline to amend. *Id.* at 717 ("Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.") Although "prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor," it is only considered after the movant has first shown diligence. *Id.* (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

C. **Analysis**

Procura argues the Magistrate Judge erred by relying on the timing of Procura's discovery requests to Salo and the fact that Procura waited nearly a month after the Court dismissed the Third-Party Compliant before seeking leave to amend. Without citing any

authority in support of its position, Procura argues these two facts are insufficient grounds on which to deny leave to amend. What Procura fails to realize, however, is that the Magistrate Judge relied not just on these two factors, but rather on the record as a whole to find Procura failed to act with diligence.

Indeed, a review of the record shows Procura failed to act with diligence in meeting the Court's scheduling order in the first instance and therefore has failed to establish good cause under Rule 16(b). Procura knew about Salo's involvement in the implementation of the Procura software with Prairie River years before this case began. Once Prairie River filed its complaint, Procura could have undertaken third-party discovery of Salo to discover what extent, if any, Salo was at fault. Procura, however, did not. Instead, Procura waited nearly a year after the case was filed to bring Salo into this action, waited another month to serve its Third-Party Complaint on Salo, and then waited even longer— until mid-January 2019—to serve any discovery requests on Salo.

Procura also knew of possible defects in its Third-Party Complaint as early as November 2018, when Salo filed its motion to dismiss along with its counterclaims. This was months before the deadline to amend, yet Procura again failed to take any proactive action to remedy deficiencies in its Third-Party Complaint or seek leave to amend in its responsive briefings. Instead, it waited until August 2019 to seek leave to amend—more than one month after the Court dismissed its claims without prejudice; more than six

months after the deadline to amend the pleadings had passed; and nearly two years after Prairie River first filed the underlying action.

Furthermore, Procura took all of these actions with knowledge of the deadline to amend the pleadings and having agreed to the final deadline of February 15, 2019 by way of stipulation on February 1, 2019.

In sum, the record shows a complete lack of diligence by Procura in attempting to comply with the Court's scheduling order. *See Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) (affirming the district court's denial of leave to amend based on record showing movant's lack of diligence) *overruled on other grounds by Avichail ex rel. T.A. v. St. John's Mercy Health Sys.*, 686 F.3d 548, 552 (8th Cir. 2012).

Because the Court finds Procura failed to act with diligence, the Court need not consider prejudice to the nonmovant, Salo, to conclude Procura has failed to show good-cause to modify the scheduling order under Rule 16(b). *See Sherman*, 532 F.3d at 717 ("[W]e will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.").

Accordingly, the Court will overrule Procura's Objections, affirm the Magistrate Judge's Order, and deny Procura's request for leave to amend its Third-Party Complaint.

II.  **SUMMARY JUDGMENT**

   A.  **Standard of Review**

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under Federal Rule of Civil Procedure 56(f), the Court may, sua sponte, grant summary judgment to a nonmoving party when the losing party is given sufficient advance notice and a reasonable time to respond. *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). The requirements of Rule 56(f) are met when the losing party has moved for summary judgment on the relevant issue because that party "obviously expect[s] the district court to make a final ruling" and agrees to resolution of the issue "in summary fashion." *Johnson v. Bismarck Pub. Sch. Dist.*, 949 F.2d 1000, 1005 (8th Cir. 1991).

### B.     Contract Interpretation Under Ohio Law

The Provider Agreement between Salo and Procura is governed by Ohio law. "[C]ontracts should be read and understood according to the natural and most obvious

import of the language, without resorting to subtle and forced constructions . . . ." *Slingluff v. Weaver*, 64 N.E. 574, 576 (Ohio 1902). "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 474 N.E.2d 271, 272 (Ohio 1984).

Further, "[w]hen an indemnitor expressly agrees to indemnify an indemnitee [in certain specified circumstances] . . . the indemnitor is obligated to indemnify the indemnitee under the terms of the agreement." *Worth v. Aetna Cas. & Sur. Co.*, 513 N.E.2d 253, 256 (Ohio 1987). An indemnitee "is entitled to recover attorney fees and expenses when an indemnitor wrongfully refuses" to honor an indemnification clause. *Allen v. Standard Oil Co.*, 443 N.E.2d 497, 500 (Ohio 1982).

### C. The Provider Agreement

The Court finds the Provider Agreement's language to be clear and unambiguous, thus making its interpretation a matter of law. First, as the Court has previously ruled, obligations under the Provider Agreement attach only for the party receiving the referral. *See Prairie River I*, 2019 WL 3021253, at *12 (discussing when obligations under the Provider Agreement arise). Here, it is undisputed that Salo referred Prairie River to Procura, so Procura was bound to fulfill its obligations under the Provider Agreement to Salo.

One such obligation is defined by the indemnification clause. The indemnification clause unambiguously states that Procura will "indemnify and hold [Salo] harmless from any and all claims . . . caused by or arising out of or in connection with . . . (i) Procura's failure to comply with the terms of this Agreement . . . [or] (iii) the performance of any services separately provided by Procura . . . ." (Provider Agreement § 9 at ¶ 2.)

The Court concludes that, as a matter of law, Procura failed to fulfill its obligation under the Provider Agreement. Prairie River's alleged claims against Procura arose solely due to deficiencies with software and services provided by Procura. Therefore, because Prairie River was referred to Procura by Salo, Procura was obligated under the Provider Agreement to indemnify and hold Salo harmless from "any and all claims" that arose out of those services. Procura failed to hold Salo harmless by filing a claim against Salo and refusing to honor the indemnification clause. Therefore, Procura breached the Provider Agreement.

Accordingly, because no genuine dispute of material fact remains, and Salo, the non-movant, is entitled to judgment as a matter of law, the Court will deny Procura's Motion for Summary Judgment and grant, sua sponte, summary judgment in favor of Salo under Ruel 56(f).

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant/Third-Party Plaintiff Procura's Objections to the Magistrate Judge's Order [Docket No. 594] are **OVERRULED**, the Magistrate Judge's Order [Docket No. 502] is **AFFIRMED**, and Procura's Motion to Amend its Third-Party Complaint [Docket No. 469] is **DENIED**;

2. Defendant/Third-Party Plaintiff's Motion for Summary Judgment [Docket No. 386] is **DENIED** and Summary Judgment for Third-Party Defendant Salo is **GRANTED** sua sponte under Fed. R. Civ. P. 56(f) for Count I (breach-of-contract) and Count II (declaratory relief).

3. Damages will be determined at an evidentiary hearing to be scheduled by the Court as to the amount of reasonable fees and costs incurred by Salo;

4. Third-Party Defendant Salo's Motion for Summary Judgment and to Exclude Expert Testimony [Docket No. 361] is **DENIED as MOOT**;

5. Defendant/Third-Party Plaintiff Procura's objections to the Magistrate Judge's Report and Recommendation [Docket No. 465] are **DENIED as MOOT** and the Magistrate Judge's Report and Recommendation [Docket Nos. 445 and 454] in so far as it recommends evidentiary sanctions is

**MOOT**, and Plaintiff Prairie River's Motion for Sanctions [Docket No. 225] is

**DENIED as MOOT** in so far as it requests evidentiary sanctions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 23, 2020  _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.  JOHN R. TUNHEIM
United States District Judge